

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# In Re: Darryl Baker

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Darryl Baker " (2007). *2007 Decisions.* Paper 113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3831
_____

IN RE:   DARRYL ORRIN BAKER,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1:05-cv-00146)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 16, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed December 07, 2007)
_____

OPINION
_____

PER CURIAM.

        Darryl Baker, an inmate incarcerated at the Federal Correctional Facility in

Sandstone, Minnesota, filed a pro se Federal Tort Claims action that was dismissed by the

District Court on July 11, 2006.

        On June 8, 2007, Baker filed motions seeking to re-open the time to file an

appeal and for service of the District Court's Order of dismissal.  The District Court has

not ruled on any of these motions.  Almost two months later, on July 26, 2007, Baker

filed a petition for a writ of mandamus in the District Court complaining that the Court

had not ruled on his motions, and had not instructed the Defendants to respond.

Baker now petitions this Court for a writ of mandamus ordering that the District Court grant him permission to file a Rule 59(e) motion, a notice of appeal, and a direct appeal. He further requests that we order the production of the District Court's Order in this matter, which he never received.

Mandamus is an appropriate remedy in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. Id. at 378-79. A federal appellate court may issue a writ of mandamus on the grounds that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); however, the manner in which a district court controls its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Baker has demonstrated neither that he has no other adequate means for relief, nor that his right to the writ is clear and indisputable. Baker's motions have been pending in the District Court for a mere five months, and we have no reason to doubt that the District Court will timely take action in this case. Accordingly, we will deny the petition.